UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| CESAR JACOB and SALLY CHAVEZ, | § | No. 7:14–CV–036–DAE |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| BAC HOME LOANS SERVICING, LP | § | |
| F/K/A COUNTRYWIDE HOME | § | |
| LOANS SERVICING LP; ALL | § | |
| PERSONS UNKNOWN, CLAIMING | § | |
| ANY LEGAL OR EQUITABLE | § | |
| TITLE, RIGHT, LIEN, OR INTEREST | § | |
| IN THE PROPERTY DESCRIBED IN | § | |
| THE COMPLAINT ADVERSE TO | § | |
| PLAINTIFF'S TITLE, OR ANY | § | |
| CLOUD ON PLAINTIFF'S TITLE | § | |
| THERETO, | § | |
| | § | |
| Defendants. | § | |

ORDER (1) GRANTING DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR SUMMARY JUDGMENT AND (2) DENYING PLAINTIFFS'
VARIOUS MOTIONS FOR RELIEF

Before the Court are a Motion for Summary Judgment filed by

Defendant Bank of America, N.A. ("Defendant")[1] (Dkt. # 21) and various Motions

for Relief filed by Plaintiffs Cesar Jacob and Sally Chavez (collectively,

"Plaintiffs") (Dkts. ## 25, 30, 31).   Pursuant to Local Rule CV-7(h), the Court

---

[1] Defendant states that it was incorrectly sued as BAC Home Loans Servicing, LP
f/k/a Countrywide Home Loans Servicing, LP.  (Dkt. # 21 at 1.)

1

finds these matters suitable for disposition without a hearing.  After reviewing the

Motions and the opposing memoranda, for the reasons that follow, the Court

**GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 21) and **DENIES**

Plaintiffs' Motions for Relief (Dkts. ## 25, 30, 31).

<u>BACKGROUND</u>

I.      <u>Factual Background</u>

        On July 19, 2007, Plaintiff Cesar Jacob ("Jacob") executed and

delivered a Texas Home Equity Note (the "Note") in favor of Countrywide Home

Loans, Inc.  Pursuant to the terms of the Note, Jacob agreed to pay the principal

sum of $81,000.00, with an interest rate of 12% per annum, in monthly

installments of $833.18 each.  The payments were to begin on September 1, 2007,

and continue each month thereafter until paid or until August 1, 2037, at which

time the Note matures.  (Dkt. # 21, Ex. A ("Kearse Decl.") ¶ 4; <u>Id.</u>, Ex. A-1.)  In

connection with the extension of credit evidenced by the Note, Jacob and Plaintiff

Sally Chavez ("Chavez") (collectively, "Plaintiffs") executed a Texas Home

Equity Security Instrument (the "Security Instrument") securing the Note by a lien

against the property located at 1103 E. 49th Street, Odessa, Texas, 79762 (the

"Property").  (Kearse Decl. ¶ 4; Dkt. # 21, Ex. B.)

        On June 22, 2011, Mortgage Electronic Registration Systems, Inc.

("MERS"), as nominee for Countrywide Home Loans, Inc., assigned the Security

2

Instrument and the Note to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP.  The assignment was recorded in the real property records on July 1, 2011.  (Kearse Decl. ¶ 4; Dkt. # 21, Ex. C.)  By virtue of a corporate merger, Defendant became the successor-by-merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP.  (Kearse Decl. ¶ 4; Dkt. # 21, Ex. D.)  On May 6, 2014, Defendant assigned the Security Instrument and the Note to Christiana Trust, a division of Wilmington Savings Fund Society, not in its individual capacity but as Trustee of ARLP Trust 4 ("Christiana Trust").  The assignment was recorded in the real property records on June 2, 2014.  (Kearse Decl. ¶ 4; Dkt. # 21, Ex. E.)  Consequently, Christiana Trust is the current owner and holder of the Note and the record holder of the lien, and Defendant no longer holds any interest in the Note or the Property.  (Kearse Decl. ¶ 4.)

Defendant serviced the Note until October 1, 2012, when servicing transferred to Ocwen Loan Servicing, LLC ("Ocwen").  (Kearse Decl. ¶ 4; Dkt. # 21, Exs. A-2, A-3, A-4, A-5.)  Ocwen currently services the loan on behalf of Christiana Trust.  (Kearse Decl. ¶ 4.)  Plaintiffs became delinquent in the payment of the Note when they failed to pay the installment due on April 1, 2011, and all installments due thereafter.  (Kearse Decl. ¶ 4; Dkt. # 21 Exs. A-2, A-3.)

II.    <u>Procedural Background</u>

On March 19, 2014, Plaintiffs filed a Complaint for Declaratory Relief, Quiet Title, and Preliminary and Permanent Injunctive Relief in the 244th Judicial District Court of Ector County, Texas.  (Dkt. # 1-1.)  On May 26, 2014, Defendant removed the case to this Court, invoking this Court's diversity jurisdiction.  (Dkt. # 1.)

On September 23, 2014, at the direction of Judge Robert A. Junell, Plaintiffs filed an Amended Complaint alleging various violations of federal and state law.  ("Am. Compl.," Dkt. # 14.)  Specifically, Plaintiffs allege the following: (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) fraud, (4) violations of § 51.901 of the Texas Government Code, (5) civil conspiracy, and (6) violations of the Texas Deceptive Trade Practices Act.  (<u>See</u> <u>id.</u>)  Plaintiffs also seek a declaratory judgment and an order quieting title.  (<u>Id.</u> at 10.)

On October 7, 2014, Defendant filed a Motion to Dismiss for Failure to State a Claim.  (Dkt. # 15.)  On November 4, 2014, Judge Junell entered an Order to Construe Defendant's Motion to Dismiss as a Summary Judgment Motion.  (Dkt. # 16.)  Judge Junell noted that Defendant had referenced a Certificate of Corporate Merger in its Motion to Dismiss, which the Court would take into account when ruling on the Motion.  Because Plaintiffs represent

4

themselves pro se and likely were not on notice that the Court could convert the Motion to Dismiss into a Motion for Summary Judgment, the Court gave Plaintiffs notice of its intent to construe the Motion as one for summary judgment, and gave them a reasonable opportunity to respond with their own evidence.  (Id. at 4.)

On December 15, 2014, Defendant filed the instant Motion titled "Supplemental Motion to Dismiss for Failure to State a Claim."  (Dkt. # 21.)  In light of Judge Junell's Order, Defendant amended its Motion to move for summary judgment as to all of Plaintiffs' claims, and supplemented the Motion with additional evidence.  (Id. at 1.)  Consistent with Judge Junell's Order, the Court construes the instant Motion as a Motion for Summary Judgment.

On January 28, 2015, Plaintiffs filed an untimely Response in Opposition.  (Dkt. # 25.)  Within their Response, Plaintiffs moved to "strike [Defendant's] opposition for want of standing" and additionally moved to "substitute Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as a trustee of ARLP Trust 4."  (Id.)  On May 14, 2015, Plaintiffs filed a Motion to Compel Discovery.  (Dkt. # 30.)  On the same day, Plaintiffs also filed another document with the Court in which they asked the Court to sanction Defendant and remand this action to state court so that Plaintiffs could amend their complaint to sue Christiana Trust.  (Dkt. # 31.)

## LEGAL STANDARD

Summary judgment is proper where the evidence demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Cannata v. Catholic Diocese of Austin, 700 F.3d 169, 172 (5th Cir. 2012). A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial. Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or weigh the evidence." Tiblier v. Dlabal, 743 F.3d

1004, 1007 (5th Cir. 2014) (quoting <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>,

530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable

inferences, and unsupported speculation are not sufficient to defeat a motion for

summary judgment."  <u>United States v. Renda Marine, Inc.</u>, 667 F.3d 651, 655 (5th

Cir. 2012) (quoting <u>Brown v. City of Hous.</u>, 337 F.3d 539, 541 (5th Cir. 2003)).

<u>DISCUSSION</u>

Defendant argues that summary judgment is appropriate because

Defendant is no longer the owner and holder of the Note and the Security

Instrument.  (Dkt. # 21 at 2.)  Defendant states that Christiana Trust is the current

owner and holder of the Note and the Security Instrument.  (<u>Id.</u>)  Defendant argues

that because no justiciable controversy exists between the parties, Plaintiffs cannot

obtain the relief they seek from Defendant, and that summary judgment

consequently must be granted for Defendant on all of Plaintiffs' claims.  (<u>Id.</u>)  In

the alternative, Defendant argues that Plaintiffs' claims fail as a matter of law for

numerous reasons.  (<u>Id.</u> at 2–3.)  Because this case comes before the Court on the

basis of diversity jurisdiction, the Court applies Texas substantive law to the

following analysis.   28 U.S.C. § 1332; <u>Westerman v. Sears, Roebuck & Co.</u>, 577

F.2d 873, 879 (5th Cir. 1978) (citing <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64

(1938)).  The Court addresses each of Plaintiffs' claims below.

I.      <u>Breach of Contract</u>

Plaintiffs allege that Defendant breached the loan agreement by imposing improper fees, imposing forced place insurance on the Property, accelerating the interest rate, concealing the true owner and holder of the Note and mortgage, and demanding payments and late fees that were not actually owed, among other allegedly wrongful acts.  (Am. Compl. ¶¶ 10–12.)  The elements of a breach of contract claim under Texas law are: (1) the existence of a valid contract, (2) performance by the plaintiff, (3) breach of contract by the defendants, and (4) damages to the plaintiff resulting from the breach.  <u>Smith Int'l, Inc. v. Eagle Grp.</u>, 490 F.3d 380, 387 (5th Cir. 2007) (citing <u>Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.</u>, 51 S.W.3d 345, 351 (Tex. App. 2001)).  Given the second element of a breach of contract claim—performance by the plaintiff—it is axiomatic that "a party to a contract who is himself in default cannot maintain a suit for its breach."  <u>Dobbins v. Redden</u>, 785 S.W.2d 377, 378 (Tex. 1990).

Here, Defendant has presented the Court with evidence that Plaintiffs breached the loan agreement by failing to make all of the scheduled payments.  (Dkt. # 21, Exs. A-2, A-3.)  Where a plaintiff defaults on a mortgage, courts in Texas routinely hold that the plaintiff cannot maintain a breach of contract claim against loan providers.  <u>See, e.g.</u>, <u>Gonzalez v. Bank of Am., N.A.</u>, No. G-12-292, 2014 WL 2002250, at *2 (S.D. Tex. May 15, 2014) (granting summary judgment

in favor of defendant on breach of contract claim where plaintiffs defaulted on their mortgage); Barrow v. Wells Fargo Bank, N.A., No. H-13-1436, 2014 WL 297606, at *4 (S.D. Tex. Jan. 27, 2014) (granting summary judgment in favor of defendant on breach of contract claim where the plaintiff defaulted on his loan obligations); Gallow v. Bank of N.Y. Mellon Trust Co., N.A., No. 3:12-CV-217, at *2 (S.D. Tex. Apr. 22, 2013) (granting summary judgment in favor of defendant where the plaintiff did not dispute that she was in default).  Thus, the Court finds that Plaintiffs are precluded from maintaining a breach of contract claim against Defendant.

II.     Breach of Duty of Good Faith and Fair Dealing

       Next, Plaintiffs claim that the same allegedly wrongful acts supporting their breach of contract claim also support a claim for a breach of the duty of good faith and fair dealing.  (Am. Compl. ¶ 11.)  Under Texas law, a duty of good faith and fair dealing arises only where a "special relationship" exists between the parties to a contract.  Levels v. Merlino, 969 F. Supp. 2d 704, 717 (N.D. Tex. 2013) (citing Cent. Sav. & Loan Ass'n v. Stemmons Nw. Bank, N.A., 848 S.W.2d 232, 239 (Tex. App. 1992)).

       Ordinarily, there is no duty of good faith and fair dealing in lender/lendee relationships.  Id. (quoting Vogel v. Travelers Indem. Co., 966 S.W.2d 748, 753 (Tex. App. 1998)).  As between a mortgagor and mortgagee, a

"special relationship" only arises where the relationship is characterized by shared trust or an imbalance in bargaining power.  Coleman v. Bank of Am., N.A., No. 3-11-CV-0430-G-BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011) (citing FDIC v. Coleman, 795 S.W.2d 706, 708–09 (Tex. 1990)).  Texas courts have "consistently concluded" that no special relationship exists between a mortgagor and mortgagee.  Levels, 969 F. Supp. 2d at 717 (collecting cases); UMLIC VP LLC v. T&M Sales and Envtl. Sys., Inc., 176 S.W.3d 595, 612 (Tex. App. 2005).

In this case, Plaintiffs have not alleged any facts or presented any evidence showing that a "special relationship" existed between Plaintiffs and Defendant such that a duty of good faith and fair dealing arose.  The Court therefore finds that no such duty existed under Texas law, and that Plaintiffs consequently cannot maintain a claim for a breach of the duty of good faith and fair dealing.  See Franklin v. PNC Bank Nat'l Ass'n, No. 4:11CV572, 2012 WL 3791294, at *3 (E.D. Tex. Aug. 31, 2012) (dismissing mortgagor's claim against mortgagee where mortgagor did not allege facts that would create a special relationship or point to any authority showing that such a duty existed in the mortgage context); Casterline v. Indy Mac/One West, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011) (granting summary judgment to mortgagee where mortgagor failed to allege facts suggesting that a special relationship existed).

III.   Fraud

Plaintiffs allege that the Note and deed of trust on the Property were obtained by fraudulent means.  (Am. Compl. ¶¶ 13–30).   Plaintiffs further allege that the assignment executed by MERS, which transferred the Note from Countrywide Home Loans, Inc. v. BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, was fraudulent because (1) the assignment was "robo signed" by a MERS representative, (2) the assignment was fraudulently notarized, and (3) MERS' involvement was generally fraudulent.  (Id.) However, Plaintiffs do not list fraud as cause of action in their Amended Complaint.[2]  Defendant argues that Plaintiffs cannot maintain any claims regarding the assignment because Plaintiffs do not have standing to challenge the assignment.  (Dkt. # 21 at 11.)

As a general matter, Texas law holds that a party to a contract cannot enforce the contract unless that party is an intended third-party beneficiary. Reinagel v. Deutsche Bank Nat'l Trust Co., 735 F.3d 220, 224–25 (5th Cir. 2013) (citing S. Tex. Water Auth. v. Lomas, 223 S.W.3d 304, 306 (Tex. 2007)).

---

[2] Under Texas law, the elements of a fraud claim are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.  In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001).

Accordingly, many courts in the Fifth Circuit have held that a plaintiff-mortgagor does not have standing to challenge allegedly invalid assignments to which it was not a party.  See Calderon v. Bank of Am., N.A., 941 F. Supp. 2d 753, 764 (W.D. Tex. 2013) (collecting cases).  It is true that an exception to the general rule against standing exists where the assignee of a claim sues the obligor for performance, and that under such circumstances a mortgagor who was not a party to an assignment between mortgagees has standing to challenge the enforcement of a void assignment.  Reinagel, 735 F.3d at 225; Calderon, 941 F. Supp. 2d at 764–65.

In this instance, however, the obligors (Plaintiffs) have sued the one-time holder of the Note (Defendant), and there is no evidence that Defendant has attempted to foreclose on the Property or otherwise collect on the Note.  The exception to the general rule described above exists because "the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice."  Calderon, 941 F. Supp. 2d at 764–65 (quoting Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co., 523 S.W.2d 426, 430 (Tex. App. 1975)).  Because Defendant is not seeking any sort of relief from Plaintiffs, this action presents no danger that Plaintiffs will have to pay the same claim twice.  Because the purpose behind the exception does not apply in this case, the Court concludes that Plaintiffs, as non-parties to the assignment, do not have standing to challenge the assignment.  To the extent that Plaintiffs bring a

12

common law fraud claim against Defendants, the Court finds that Plaintiffs cannot maintain such a claim.

IV.   <u>Texas Government Code § 51.901</u>

Plaintiffs claim that Defendant committed a felony under Texas Government Code § 51.901 by recording the allegedly fraudulent assignment. (Am. Compl. ¶ 19.)  That section provides, in relevant part, that if a state court clerk "has a reasonable basis to believe in good faith that a document or instrument previously filed or recorded or offered or submitted for filing or for filing and recording is fraudulent," the clerk shall provide notice of the filing to the person named in the document as the obligor and to any person named as owning any interest in the real property described in the document.  Tex. Gov't Code § 51.901(a).

The Court first notes that this section does not create any cause of action, and certainly does not criminalize filing fraudulent documents.  Even if Plaintiffs were attempting to argue that Defendants filed a fraudulent document in violation of Texas Civil Practices and Remedies Code § 12.002, Plaintiffs lack standing to challenge the assignment for the reasons explained above.  Thus, the Court concludes that Plaintiffs cannot maintain a claim for relief under this section. <u>See</u> <u>Marsh v. JPMorgan Chase Bank, N.A.</u>, 888 F. Supp. 2d 805, 811 (W.D. Tex. 2012) (rejecting plaintiffs' argument that defendant caused the filing of a

13

fraudulent document within the meaning of Texas Government Code § 51.901 because plaintiffs, as non-parties to the assignment, lacked standing to challenge the assignment).

V.      Civil Conspiracy; Texas Deceptive Trade Practices Act

Plaintiffs' Amended Complaint lists a cause of action for civil conspiracy and appears to allege that Defendant conspired with others to commit acts that violate the Texas Deceptive Trade Practices Act ("DTPA").  (Am. Compl. ¶¶ 50–54.)  Under Texas law, the elements of a claim for civil conspiracy are "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result."  Leigh v. Daneck Med., Inc., 28 F. Supp. 2d 401, 405 (N.D. Tex. 1998) (citing Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983)).  "Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort."  Homoki v. Conversion Servs., Inc., 717 F.3d 388, 402 (5th Cir. 2013); Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996).  Consequently, "[i]f a plaintiff fails to state a separate claim on which the court may grant relief, then the claim for civil conspiracy necessarily fails."  Meadows v. Hartford Life Ins. Co., 492 F.3d 634, 640 (5th Cir. 2007).

In this case, Plaintiffs must state a claim under the DTPA in order to succeed on their civil conspiracy claim.  "The DTPA protects consumers; therefore, consumer status is an essential element of a DTPA cause of action." Miller v. BAC Home Loans Servicing, L.P., 726 F.3d 717, 724 (5th Cir. 2013) (quoting Mendoza v. Am. Nat'l Ins. Co., 932 S.W.2d 605, 608 (Tex. App. 1996)). To qualify as a consumer under the DTPA, a plaintiff must seek to acquire goods or services by purchase or lease, and those goods or services must form the basis of the complaint.  Id. at 724–25; Tex. Bus. & Com. Code. § 17.45(4) (defining "consumer").

Generally speaking, "a pure loan transaction lies outside the DTPA because money is considered to be neither a good nor a service."  Miller, 726 F.3d at 725.  Exceptions to the general rule exist, however, and "[a] mortgagor qualifies as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint."  Id.  Thus, a loan may form the basis of a DTPA claim when the mortgagor uses the loan to buy a house, and the house forms the basis of the complaint.  Id.; Flenniken v. Longview Bank & Trust Co., 661 S.W.2d 705, 708 (Tex. 1983).

Here, the allegedly invalid assignment forms the basis of Plaintiffs' Amended Complaint, and "subsequent actions related to mortgage accounts . . . do

not satisfy the 'good or services' element of the DTPA." Broyles v. Chase Home

Fin., No. 3:10-CV-2256-G, 2011 WL 1428904, at *4 (N.D. Tex. Apr. 13, 2011);

Davis v. Wells Fargo Bank, N.A., 976 F. Supp. 2d 870, 886 (S.D. Tex. 2013)

(dismissing DTPA claim where plaintiffs complained of "acts occurring years after

the financing transaction" that were "incidental to the original purchasing

objective" and thus did not qualify as consumers).   Because Plaintiffs cannot state

a claim under the DTPA, their civil conspiracy claim must fail.  See Meadows, 492

F.3d at 640.

VI.    Quiet Title

Plaintiffs also assert a cause of action for quiet title.  (Am. Compl.

¶¶ 31–49.)  "A suit to quiet title is an equitable action used to establish that an

adverse party's claim to property is invalid, and to remove the cloud caused by the

invalid claim from the owner's title."   Wagner v. CitiMortgage, Inc., 995 F. Supp.

2d 621, 626 (N.D. Tex. 2014) (citing Vernon v. Perrien, 390 S.W.3d 47, 61 (Tex.

App. 2012)).   Under Texas law, the elements of a suit to quiet title are: (1) the

plaintiff has an interest in a specific property; (2) title to the property is affected by

a claim by the defendant; and (3) the defendant's claim, though facially valid, is

invalid or unenforceable.  Id. (citing Vernon, 390 S.W.3d at 61).  Therefore, the

success of a plaintiff's suit to quiet title depends on the validity of the defendant's

claim on the property.  Id. (citing Vernon, 390 S.W.3d at 61).  The plaintiff bears

the burden of proving, as a matter of law, that he has a right of ownership and that the defendant's adverse claim is a cloud on the title that equity will remove.  Id. (citing Essex Crane Rental Corp. v. Carter, 371 S.W.3d 366, 387–88 (Tex. App. 2012)).  Importantly, "[a] plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title."  Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App. 2001).

        In this case, Defendant has presented evidence that Plaintiffs are in default on their mortgage.  (Dkt. # 21, Exs. A-2, A-3.)  "Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'"  Cook-Bell v. Mortg. Elec. Registration Sys., Inc., 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (omission in the original) (quoting Fillion v. David Silvers Co., 709 S.W.2d 240, 246 (Tex. App. 1986)); see also Brinson v. Universal Am. Mortg. Co., No. G-13-463, 2014 WL 4354451, at *6 (S.D. Tex. Sept. 2, 2014); James v. Wells Fargo Bank, N.A., No. 14-cv-0449, 2014 WL 2123060, at *8 (S.D. Tex. May 21, 2014).  Thus, because Plaintiffs are in default, they cannot maintain a claim for quiet title.  See Brinson, 2014 WL 4354451, at *6 (finding that quiet title claim failed as a matter of law where plaintiff did not dispute that she defaulted on her mortgage); Machleit v. Bank of Am., N.A., No. H-12-1942, 2012 WL 6840539, at *8 (S.D. Tex. Dec. 12, 2012), adopted by 2013 WL 140610 (S.D. Tex. Jan. 10, 2013) (finding that quiet title

claim failed as a matter of law where plaintiff admitted that he was in default on

his mortgage); <u>Summers v. PennyMac Corp.</u>, No. 3:12-CV-01235-L, 2012 WL

5944943, at *3 (N.D. Tex. Nov. 28, 2012) (finding that quiet title claim failed as a

matter of law where plaintiffs did not allege that they were current on their

mortgage payments and instead argued that defendant lacked authority to enforce

the note).

VII.   <u>Declaratory Judgment</u>

Lastly, Plaintiffs ask the Court for declaratory relief.  (Am. Compl.

¶¶ 31–49.)  Specifically, Plaintiffs request an order striking the allegedly fraudulent

deed of trust and assignment.  (<u>Id.</u> ¶ 39.)  Plaintiffs also ask the Court to find that

the Note and deeds of trust are void, and to declare that title of the Property is

vested in Plaintiff alone.  (<u>Id.</u> ¶ 49.)  Finally, Plaintiffs ask the Court to enjoin

Defendant, its agents, and assigns from ever asserting any right, title, or interest in

the Property.  (<u>Id.</u>)

The federal Declaratory Judgment Act provides that "[i]n a case of

actual controversy within its jurisdiction . . . any court of the United States . . . may

declare the rights and other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be sought."  28 U.S.C.

§ 2201(a).  The Supreme Court has explained that the phrase "case of actual

controversy" refers to the type of cases and controversies that are justiciable under

18

Article III.  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126–27 (2007)

(citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)).  According to

the Fifth Circuit,

> In order to demonstrate that a case or controversy exists to meet the
> Article III standing requirement when a plaintiff is seeking injunctive
> or declaratory relief, a plaintiff must allege facts from which it
> appears there is a substantial likelihood that he will suffer injury in the
> future.  Based on the facts alleged, there must be a substantial and
> continuing controversy between two adverse parties.  The plaintiff
> must allege facts from which the continuation of the dispute may be
> reasonably inferred.

Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003) (citations omitted).

Thus, in the absence of a viable substantive claim, declaratory and

injunctive relief is not available.  Morlock, LLC v. JPMorgan Chase Bank, N.A.,

No. 4:12-CV-03648, 2013 WL 5231498, at *4 (S.D. Tex. Sept. 13, 2013); Ayers v.

Aurora Loan Servs., L.L.C., 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011)

(dismissing claim for declaratory judgment where all underlying substantive claims

had been dismissed).  Here, the Court has granted summary judgment in favor of

Defendant as to all of Plaintiffs' substantive claims.  Even if they could obtain the

relief they seek from Defendant, Plaintiffs are not entitled to declaratory relief.

Having found that Defendant is entitled to summary judgment as to each of

Plaintiffs' claims, the Court **GRANTS** Defendant's Motion for Summary

Judgment.

VIII.  <u>Plaintiffs' Motions</u>

               Plaintiffs have filed various motions that remain pending before the Court, including (1) a Motion to Strike Defendant's Motion for Summary Judgment, (2) a Motion to Substitute Christiana Trust as a defendant in this case, (3) a Motion to Compel Discovery, (4) a Motion for Sanctions, and (5) a Motion to Remand.  (Dkts. ## 25, 30, 31.)  The Court addresses each motion below.

      A.     <u>Motion to Strike</u>

               Plaintiffs first move to strike Defendant's Motion on the grounds that, because Defendant no longer holds the Note and Security Instrument, this action does not present a "case or controversy" within the meaning of Article III, and that consequently "[a]ny ruling by this court would be meaningless and moot."  (Dkt. # 25 at 3.)  Even though Defendant no longer holds the Note and Security Instrument, it still could have been liable for breach of contract or tortious conduct, and the issue of who currently holds the Note and Security Instrument is irrelevant to the adjudication of those claims.  The Court therefore **DENIES** Plaintiffs' Motion to Strike.

      B.     <u>Motion to Substitute Christiana Trust</u>

               Plaintiffs next ask the Court to allow them to substitute Christiana Trust as a defendant in this case in lieu of current defendant Bank of America.  (Dkt. # 25 at 4–5.)  The Court notes that Christiana Trust has filed suit against

Plaintiffs under Civil Action No. 7:15-CV-33-DAE regarding Plaintiffs' default on the Note.  As of the date of this Order, Plaintiffs have not filed an Answer in that matter.  The Court finds that the interests of judicial economy would best be served by closing this case and having Plaintiffs bring counterclaims against Christiana Trust in Civil Action No. 7:15-CV-33-DAE, if they so choose.  The Court therefore **DENIES** Plaintiffs' Motion to Substitute Christiana Trust.

C.   Motion to Compel Discovery

Plaintiffs filed their request for production of documents, request for admissions, and interrogatories with the Court.  (Dkt. # 30.)  Because Plaintiffs filed these documents on the Court's docket, the Court liberally construes the filing as a Motion to Compel Discovery.  Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that a party may move for an order compelling disclosure or discovery under certain circumstances:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).  In this case, Plaintiffs' Motion does not include a certification that they have made a good faith attempt to obtain the disclosures or discovery they seek without intervention from the Court.  The Court therefore **DENIES** Plaintiffs' Motion to Compel Discovery.

21

D.    <u>Motion for Sanctions</u>

Plaintiffs ask the Court to sanction Defendant "for the extraordinary efforts it undertook to waste the Plaintiffs and this Court's time." (Dkt. # 31 at 8.) Federal Rule of Civil Procedure 11 permits the Court to levy sanctions under the following circumstances: (1) the pleading is "presented for any improper purpose, such as to harass . . ."; (2) "the claims, defenses, and other legal contentions are [not] warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law"; (3) "the factual contentions [do not] have evidentiary support or, if specifically so identified, will [not] likely have evidentiary support after a reasonable opportunity for further investigation or discovery"; and (4) "the denials of factual contentions are [not] warranted on the evidence . . ." Fed. R. Civ. P. 11(b).

Here, there is no evidence that Defendant filed its Motion for an improper purpose or to harass Plaintiffs. Plaintiffs chose to file suit against Defendant, and Defendant properly responded and defended itself from Plaintiffs' meritless allegations. There is also no evidence that Defendant's defenses or legal contentions were not warranted by existing law, or that its factual contentions lacked evidentiary support. Indeed, the Court granted summary judgment in favor of Defendant on each of Plaintiffs' claims. The Court therefore **DENIES** Plaintiffs' Motion for Sanctions. <u>See</u> <u>Dulin v. Bd. of Comm'rs of Greenwood</u>

Leflore Hosp., No. 4:07CV194-SA-DAS, 2010 WL 3168288, at *1–2 (N.D. Miss. Aug. 6, 2010) (denying motion for sanctions where there was no evidence defendant had violated Rule 11); Olagues v. Kousharian, 557 F. Supp. 2d 731, 740–41 (E.D. La. 2008) (same).

      E.      Motion to Remand

      Finally, Plaintiffs ask the Court to remand this matter back to state court.  (Dkt. # 31 at 8.)  A defendant may remove to federal court any civil action brought in state court over which the district court would have had original jurisdiction.  28 U.S.C. § 1441(a); Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013).  Original jurisdiction may be based on either diversity of citizenship or the existence of a federal question.  Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 295 (5th Cir. 2010).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties—in other words, every plaintiff must be diverse from every defendant.  28 U.S.C. § 1332(a); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  To determine whether jurisdiction is present for removal, the court considers the claims in the state court petition as they existed at the time of removal.  Louisiana v. Am. Nat'l Prop. Cas. Co., 746 F.3d 633, 637 (5th Cir. 2014) (citing Cavallini v. State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 264 (5th Cir.

1995)).

Here, it is undisputed that Plaintiffs are citizens of Texas.  (Am. Compl. ¶ 1.)  Defendant is a national banking association with its main office in North Carolina, as designated by its articles of association (Dkt. # 1); it is therefore a citizen of that state for diversity purposes.  Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006).  Thus, there is complete diversity of citizenship between the parties.

Furthermore, in an action for declaratory or injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented."  St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252–53 (5th Cir. 1998).  "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy".  Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547–48 (5th Cir. 1961). Defendant has produced evidence in the form of an Ector County Appraisal District Summary that the value of the Property is approximately $140,085.  (Dkt. # 1, Ex. C.)  Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, removal was proper and the Court **DENIES** Plaintiffs' request to remand this action to state court.

CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's

Motion for Summary Judgment.  (Dkt. # 21.)  The Court further **DENIES**

Plaintiffs' Motions for Relief.  (Dkts. ## 25, 30, 31.)

**IT IS SO ORDERED.**

**DATED:** Midland-Odessa, Texas, May 26, 2015.

_____

David Alan Ezra
Senior United States Distict Judge